UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES

| | |
|---|---|
| **TAMMY VICTORIAN** | **CIVIL ACTION: 2:23-cv-1037** |
| **VERSUS** | |
| | **JUDGE: JAMES D. CAIN, JR.** |
| **PRECISE HEATING AIR AND ELECTRICAL, INC., THE CHARTER OAK FIRE INSURANCE COMPANY, THE TRAVELERS INDEMNITY COMPANY AND JEFFERY DUTY** | **MAGISTRATE JUDGE: KATHLEEN KAY** |

## AMENDED NOTICE OF REMOVAL

**NOW INTO COURT**, through undersigned counsel, comes **PRECISE HEATING AIR AND ELECTRIC, INC., THE CHARTER OAK FIRE INSURANCE COMPANY AND JEFFERY DUTY**, who file this Amended Notice of Removal of this cause from the 14th Judicial District Court, Parish of Calcasieu, State of Louisiana, in which it is now pending, to the United States District Court for the Western District of Louisiana.  This removal is predicated upon the fact that there is diversity of citizenship between the parties in this litigation and the amount in controversy exceeds the federal jurisdictional amount, exclusive of interest and costs

**This Amended Notice of Removal amends the previous statement regarding service on Jeffery Duty in paragraph 7 and Mr. Duty's consent to Removal.**

1. This case was commenced in the 14th Judicial District Court, Parish of Calcasieu, State of Louisiana, with citation and plaintiff's petition for damages setting forth the claim for relief upon which this action is based.  Pursuant to 28 U.S.C. 1446(a), copies of all process, pleadings and all orders of the court in the state action are attached hereto. Exhibit "1" *in globo.*

2. This action is one of a civil nature for alleged personal injury.

3. Upon information and belief, plaintiff is a citizen of the State of Louisiana and domiciled in Calcasieu Parish.

4. Precise Heating Air and Electric, Inc. is a foreign corporation, incorporated in the State of Arkansas, and whose principal place of business is 3250 Harrison Street, Suite 500, Batesville, Arkansas.

5. Jeffery Duty is a citizen of the State of Arkansas, County of Izard, and whose domicile is declared to be 695 Twin Bridges Road, Brockwell, Arkansas 72517.

6. The Charter Oak Fire Insurance Company is a foreign corporation, incorporated in the State of Connecticut with its principal place of business located at One Tower Square, Hartford, Connecticut 06183, and is wholly owned by its parent corporation, The Travelers Companies, Inc. that is incorporated in Connecticut with its principal place of business located at, One Tower Square, Hartford, Connecticut 06183.

7. Upon information and belief, defendant, Precise Heating Air and Electric, Inc. was served via long arm service on July 17, 2023.  Upon information and belief, defendant, The Charter Oak Fire Insurance Company was served through its agent for service of process, the Louisiana Secretary of State, on July 18, 2023.  **Upon information and belief, defendant, Jeffery Duty has not been served.  Long Arm Service was issued, however, it has not been perfected.  All defendants consented to removal at the time of the filing of the original and amended**

> filings. Since Mr. Duty is not believed to be served yet, a separate Consent for Removal is being filed on his behalf [1].

8. The above-described action is one over which this court has original jurisdiction under the provisions of 28 U.S.C. 1332, in that plaintiff's counsel has pled in Paragraphs 5 and 6 of plaintiff's Petition for Damages, that plaintiff, Tammy Victorian, has suffered injuries as a result of the accident that is the subject of this suit. Plaintiff claims past, present and future physical pain and suffering, mental pain anguish and emotional damages, inconvenience and aggravation, loss of enjoyment of life, medical expenses, property damages, loss of wages, and other damages that may be established at trial.

9. Further, Plaintiff has sought medical treatment for back pain, neck pain, headaches and a rotator cuff tear/rupture in her left shoulder resulting in a shoulder arthroscopy and rotator cuff repair, injections, chiropractic treatment and physical therapy. Plaintiff's medical bills currently known to undersigned counsel are approximately $68,000.00.

10. Therefore, pursuant to the provisions of 28 USC 1441, this case can be removed to the United States District Court for the Western District of Louisiana as the amount in controversy is more than $75,000 based on the petition and representations and there is diversity between the parties.

11. Article 893, Louisiana Code of Civil Procedure, requires that plaintiff indicate in

---

[1] See Consent to Removal of Defendant, Jeffery Duty, attached as Exhibit "C" to this Amended Notice of Removal

the petition that the amount in controversy does not exceed $75,000.00. ***Ditcharo v. United Parcel Service, Inc.***, 376 Fed. App. 432 (5ᵗʰ Cir. (La) 2010), states:

> Appellants further argue that the amount in controversy requirement was not satisfied because Appellants specifically limited their damages to less than $75,000 in their pleadings. "[I]f a defendant in a Louisiana suit can produce evidence sufficient to constitute a preponderance showing that, regardless of the style or wording of the demand, the amount in controversy actually exceeds §1332's jurisdictional threshold, ... [t]he plaintiff can defeat diversity jurisdiction only by showing to a 'legal certainty' that the amount controversy does not exceed $75,000." ᶠᴺ⁵ *Grant, 309 F.3d at 869* (citing *De Aguilar v. Boeing Co., 47 F.3d 1404, 1412 (5th Cir.1995)* (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289, 58 S.Ct. 586, 82 L.Ed. 845 (1938)*)). Plaintiffs may attempt to establish such "legal certainty" by submitting a "'binding stipulation or affidavit'" with their complaint, stating that they affirmatively seek less than the jurisdictional threshold, and further stating that they will not accept an award that exceeds that threshold. See *De Aguilar, 47 F.3d at 1412* (quoting *In re Shell Oil Co., 970 F.2d 355, 356 (7th Cir.1992)* (per curiam)).

12. Article 893, La. Code of Civil Procedure states in pertinent part the following:

> "No specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand. The prayer for relief shall be for such damages as are reasonable in the premises **except that if a specific amount of damages is necessary to establish the jurisdiction of the court, the right to a jury trial, the lack of jurisdiction of federal courts due to insufficiency of damages,** or for other purposes, a general allegation that the claim exceeds or is less than the requisite amount is required. By interrogatory, an opposing party may seek specification of the amount sought as damages, and the response may thereafter be supplemented as appropriate."

Plaintiff did not indicate the lack of federal jurisdiction in the Petition, however, plaintiff's medical treatment and bills are sufficient to show that the amount in controversy is in excess of $75,000.00, satisfying the jurisdictional requirement herein.

**WHEREFORE**, defendants pray this Amended Notice of Removal be filed in place of the original Notice of Removal.

RESPECTFULLY SUBMITTED:

BY: */s/ Janice M. Reeves*
**JANICE M. REEVES (#21237)**
MARICLE & ASSOCIATES
**Mailing Address**: P.O. Box 64093, St. Paul, MN 55164
**E-SERVICE ONLY:** BRCLAES@travelers.com

**Physical Address:**
#1 Sanctuary Blvd., Suite 202, Mandeville, LA 70471
(O) 985-727-3411, (F) 888-341-6954, (D) 225-924-9584
Business E-Mail Address: JReeves2@travelers.com
(NOT FOR Service of Pleadings and Documents)

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing has been this date been forwarded to all counsel of record in this proceeding via United States Mail, facsimile and/or electronic mail, this 21st day of August, 2023.

BY: /s/ Janice M. Reeves
**JANICE M. REEVES**